UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENRY A. UMOUYO, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>　　　　　Defendants. | CASE NO. 2:22-cv-00704-JHC<br><br>ORDER RE: MOTION TO REMAND |

# I.

## INTRODUCTION

This matter comes before the Court on Plaintiff Henry A. Umouyo's motion to remand. Dkt. # 8. Defendants Bank of America N.A. (BANA) and Carrington Mortgage Services, LLC oppose the motion. Dkt. # 13. Having reviewed the filings in support of and in opposition to the motion, the Court DENIES it.

# II.

## BACKGROUND

In January 2008, Henry A. Umouyo and Aniedi H. Umouyo obtained a loan to buy a house; a promissory note and deed of trust secured the loan. Dkt. # 1, Ex. 1. In April 2022,

ORDER RE: MOTION TO REMAND - 1

Plaintiffs sued BANA, Carrington, and Aztec Foreclosure Corp. of Washington in King County Superior Court, asserting claims for declaratory relief, quiet title, negligence, and a violation of the Washington Consumer Protection Act.[1]  *Id.*  Most of Plaintiffs' claims stem from the allegation that BANA is not the holder of the original promissory note.  *Id.*  On May 24, 2022, BANA and Carrington removed the action to this Court based on diversity jurisdiction.  Dkt. # 1. Defendants contended in their notice of removal that defendant Aztec was fraudulently joined and that as a result the Court should disregard Aztec's Washington citizenship for assessing diversity jurisdiction.  *Id.*  Plaintiff Henry Umouyo ("Plaintiff") moves to remand the case to state court.  Dkt. # 8.

### III.

### ANALYSIS

A.   Fraudulent Joinder

Plaintiff contends that Aztec was not fraudulently joined and that its presence prevents complete diversity for purposes of subject matter jurisdiction.  Plaintiff says his complaint sets forth a plausible claim against Aztec as a putative successor trustee.  Defendants respond that Plaintiff does not and cannot allege any facts or claims against Aztec.  The Court concludes that Plaintiff has failed to state a cause of action against Aztec and the failure is obvious under Washington law.

28 U.S.C. §1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  District courts have subject matter jurisdiction of a civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different

---

[1] Chapter 19.86 RCW.

ORDER RE: MOTION TO REMAND - 2

States." 28 U.S.C. § 1332(a).  "Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).  "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Id.*  "Joinder of a non-diverse defendant is deemed fraudulent, . . . '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Wahl v. Boeing Co.*, No. C20-0467JLR, 2020 WL 3119065, at *3 (W.D. Wash. June 12, 2020) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)).

"A defendant may establish fraudulent joinder in one of two ways: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* (quoting *Grancare, LLC*, 889 F.3d at 548–49).  "A defendant succeeds in the second method if the defendant 'shows that an individual[ ] joined in the action cannot be liable on any theory.'" *Id.*

The Court "strictly construe[s]" the removal statute and will remand a case if there is "any doubt about the right of removal." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773–74 (9th Cir. 2017) (quoting *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009)).  There is also a presumption against fraudulent joinder and "'if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants'" the Court must remand the case.  *Wahl*, 2020 WL 3119065, at *3 (quoting *Grancare, LLC*, 889 F.3d at 548–49).

The complaint seeks a "Declaration that since [BANA] was not the Holder of the Original Note at the time of appointing a trustee, the appointment of Aztec Foreclosure Corp. of

ORDER RE: MOTION TO REMAND - 3

Washington as trustee . . . is void under RCW 61.24.010(2)."[2]  Dkt. # 1, Ex. 1.  The complaint alleges the following: "On August 26, 2019 AZTEC recorded a notice of appointment of successor trustee . . . in the King County recorder's Office."  *Id.*  As of January 2020, and June 2021, BANA "was not the holder of the Note."  *Id.*  And the appointment of Aztec "as trustee is therefore void."  *Id.*  The complaint sets forth no other allegations or claims against Aztec.

The Court concludes that, based on the allegations in the complaint, Plaintiff cannot state a cause of action against Aztec.[3]  Contrary to Plaintiff's assertions, the complaint does not set forth a cause of action against Aztec.  It seeks a declaration that the appointment of Aztec as successor trustee is void but that is not a cause of action against Aztec itself.  In his motion, Plaintiff says that because Aztec recorded the appointment, it "therefore has questions to answer" but that is not a basis for a cause of action against the entity.

Plaintiff cites RCW 61.24.010(2), which states in part that a "beneficiary shall appoint a trustee or a successor trustee.  Only upon recording the appointment of a successor trustee in each county in which the deed of trust is recorded, the successor trustee shall be vested with all powers of an original trustee."  Plaintiff relies on this language to argue that because BANA was

---

[2] RCW 61.24.010(2) says:
The trustee may resign at its own election or be replaced by the beneficiary.  The trustee shall give prompt written notice of its resignation to the beneficiary.  The resignation of the trustee shall become effective upon the recording of the notice of resignation in each county in which the deed of trust is recorded.  If a trustee is not appointed in the deed of trust, or upon the resignation, incapacity, disability, absence, or death of the trustee, or the election of the beneficiary to replace the trustee, the beneficiary shall appoint a trustee or a successor trustee.  Only upon recording the appointment of a successor trustee in each county in which the deed of trust is recorded, the successor trustee shall be vested with all powers of an original trustee.

[3] Defendants emphasize that Plaintiff does not argue that his purported claim against Aztec is valid and could survive a pleading challenge and contend that Plaintiff cannot do so.  But as Plaintiff correctly notes, "The tests for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. . . . 'A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined.'"  *Wahl*, WL 3119065, at *3 (quoting *Grancare, LLC*, 889 F.3d at 549).

ORDER RE: MOTION TO REMAND - 4

not the holder of the original note, it did not have the authority to appoint Aztec and the appointment is thus void. *See Knecht v. Fid. Nat. Title Ins. Co.*, No. C12-1575RAJ, 2014 WL 4057148, at *5 (W.D. Wash. Aug. 14, 2014) ("The purported appointment of a trustee by a nonbeneficiary is a void act, and the purported trustee has no authority to foreclose."). But this statute does not provide a cause of action against the trustee for a purportedly void appointment.

Washington law does provide causes of action against a trustee such as Aztec. But they do not apply here. RCW 61.24.010(4) states that a "trustee or successor trustee has a duty of good faith to the borrower, beneficiary, and grantor." *See Baruch v. Bank of Am., NA*, 4 Wash. App. 2d 1029 (2018) (discussing a claim against a trustee for violating the duty of good faith). Plaintiff alleges nothing in his complaint suggesting Aztec breached such a duty. RCW 61.24.030(7)(a) mandates that a trustee must have "proof that the beneficiary is the holder of any promissory note . . . . A declaration by the beneficiary made under the penalty of perjury" stating as such "shall be sufficient." *See Villegas v. Nationstar Mortg., LLC*, 8 Wash. App. 2d 878, 890–91, 444 P.3d 14 (2019) (discussing a claim against a trustee for failing to "adequately ascertain whether" the beneficiaries were the "holders of the note"). Again, Plaintiff alleges nothing suggesting that Aztec failed to find out BANA's status as beneficiary. Plaintiff submits the declaration of BANA's agent certifying to Aztec under penalty of perjury that BANA is the holder of the note. Dkt # 14, Ex. 14. Plaintiff does not identify any deficiencies in the declaration that would suggest that Aztec violated RCW 61.24.030(7)(a). *Cf. Knecht*, 2014 WL 4057148, at *5–6 (identifying many deficiencies with a declaration under RCW 61.24.030(7)(a)).

This court has declined to consider a trustee's citizenship for purposes of diversity jurisdiction in similar circumstances. In *Prasad v. Wells Fargo Bank, N.A.*, the plaintiff's "only allegation" against the trustee was that it "listed plaintiff's subject property for May 27, 2011

ORDER RE: MOTION TO REMAND - 5

foreclosure," and that it and the beneficiary "lack any legal power to forseclosure [sic] on plaintiff's subject property and . . . act[s] as [an] impostor[ ]." No. C11-894 RSM, 2011 WL 4074300, at *3 (W.D. Wash. Sept. 13, 2011).  This court concluded that the trustee's "citizenship is not considered for the purpose of establishing diversity jurisdiction." *Id.*  In so concluding, this court noted that the plaintiff's "allegation is merely that [the trustee] carried out its duties under the deed of trust" and that the trustee "has no interest in the outcome of this litigation, which at base concerns whether Wells Fargo is the true beneficiary of the promissory note." *Id.*  Similarly, here, Plaintiff's only allegation against Aztec is that it recorded the appointment at the recorder's office, as RCW 61.24.010(2) requires.  And the lawsuit, at its base, concerns whether BANA is the true beneficiary of the promissory note.  Thus, the Court similarly does not consider Aztec's citizenship to ascertain diversity jurisdiction.  *See also Smith v. Wells Fargo Bank, N.A.*, No. 13-5179-RJB, 2013 WL 2099658, at *5 (W.D. Wash. May 14, 2013) ("Plaintiff fails to assert any claim for relief against Quality Loan Service. . . . As a trustee under a deed of trust, and where no independent claims are asserted against it, it is the 'paradigmatic nominal defendant,' . . . and so its citizenship should not be considered for determining jurisdiction." (quoting *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998)).

B.   Local Civil Rule 101

Plaintiff contends that Defendants failed to adhere to Local Civil Rule 101(b)(2) and (c) and that such failure constitutes an independent basis for remand.  Defendants respond that because they promptly cured the defect, remand is not appropriate.  The Court agrees with Defendants.

28 U.S.C. § 1447 provides that when a party removes a case from a state court, the district court "may require the removing party to file with its clerk copies of all records and proceedings in such State court."  Local Civil Rule 101(b) states that "removing defendant(s)

ORDER RE: MOTION TO REMAND - 6

shall file contemporaneously with the notice of removal . . . (b) [a] certificate of service which lists all counsel and pro se parties who have appeared in the action with their contact information, including email address." In addition, Local Civil Rule 101(c) states that within 14 days of filing the notice of removal, the removing "defendant(s) shall . . . file with the clerk of this court black-on-white copies of all additional records and proceedings in the state court, together with defendant's or defense counsel's verification that they are true and complete copies of all the records and proceedings in the state court proceeding." Upon a timely motion to remand, the court may remand for defects other than lack of subject matter jurisdiction. *Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014).

Plaintiff says that Defendants failed to include Aztec's contact information in the certificate of service filed along with the notice of removal in violation of Local Civil Rule 101(c). Plaintiff also says that Defendants failed to file and verify the summons and the notices of appearance of Aztec, BANA, and Carrington's counsel within 14 days as Local Civil Rule 101(b)(2) requires. Defendants do not dispute their failure to adhere to these rules but emphasize that they cured the defects as soon as they learned of them on June 8, 2022. Dkt. # 10, 11. Thus, Defendants cured the Rule 101(b)(2) defect 15 days late and the Rule 101(c) defect one day late. The Court declines to remand on this basis. *See Hatton-Wilmot v. State Farm Mut. Auto. Ins. Co.*, No. C13-1720 MJP, 2013 WL 12124379, at *2 (W.D. Wash. Nov. 27, 2013) (denying motion to remand where a violation of Local Civil Rule 101 "was cured two days past the deadline"); *McLeod v. AMICA Gen. Agency*, No. C15-839RAJ, 2015 WL 13145350, at *4 (W.D. Wash. Oct. 29, 2015) ("Failure to adhere to Local Rule 101(b) is not a jurisdictional defect and will not, *ipso facto*, warrant remand.").[4]

---

[4] Plaintiff responds by quoting *Albice v. Premier Mortg. Servs. of Washington, Inc.*, 174 Wash. 2d 560, 568, 276 P.3d 1277 (2012), which states that "When a party's authority to act is prescribed by a

ORDER RE: MOTION TO REMAND - 7

C.  Consent to Removal

Plaintiff contends that removal was improper because Defendants did not unanimously consent to removal.  Plaintiff argues that Defendant Carrington did not consent to removal and that the notice of removal failed to aver to such consent.  Without citing law, Plaintiff contends that the fact that BANA and Carrington collectively removed the case does not sufficiently establish Carrington's consent.  But 28 U.S.C § 1446(b)(2)(A) provides that when "a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served *must join in or consent* to the removal of the action." (Emphasis added.)  As Defendants note, both BANA and Carrington "collectively" removed the case to this Court.  Dkt. # 1.  Thus, Carrington "join[ed] in" removal of the action.  28 U.S.C § 1446(b)(2)(A).  The Court declines to remand for lack of consent.

## IV.

### CONCLUSION

Based on the foregoing, the Court DENIES Plaintiff's motion to remand.[5]  The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 14th day of July, 2022.

---

statute and the statute includes time limits, as under RCW 61.24.040(6), failure to act within that time violates the statute and divests the party of statutory authority.  Without statutory authority, any action taken is invalid."  Plaintiff contends that this language precludes the Court from considering Defendants' untimely filings because the Court did not authorize such filings.  But this Washington case concerns statutory time limits, not local civil rules.

[5] In his motion to remand, Plaintiff requests costs and fees pursuant to 28 U.S.C. § 1447(c).  Because the Court denies the motion to remand, it denies the request for costs and fees.  *See id.* ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

ORDER RE: MOTION TO REMAND - 8

John H. Chun
United States District Judge

ORDER RE: MOTION TO REMAND - 9