UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENRY A. UMOUYO and ANIEDI H. UMOUYO,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, NA; CARRINGTON MORTGAGE SERVICES, LLC; AZTEC FORECLOSURE CORPORATION OF WASHINGTON; and any unknown heirs, devisees, grantees, creditors, and other unknown spouses claiming by, through and under BANK OF AMERICA, NA,<br><br>Defendants. | CASE NO. 2:22-cv-00704-JHC<br><br>ORDER RE: MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE |

# I

## INTRODUCTION

This matter comes before the Court on Bank of America, NA (BANA) and Carrington Mortgage Services, LLC's Motion to Dismiss Plaintiffs' First Amended Complaint, Dkt. # 17, and BANA and Carrington's Request for Judicial Notice, Dkt. # 18. Having reviewed (1) the materials filed in support, and in opposition to, the motion, (2) the request for judicial notice, (3) the applicable law, and (4) the balance of the case file, the Court GRANTS the motion to dismiss with prejudice and GRANTS the request for judicial notice.

ORDER RE: MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE - 1

## II

### BACKGROUND

In January 2008, Plaintiffs Henry Umouyo and Aniedi H. Umouyo, husband and wife, obtained a loan (Loan) to buy a condominium (Property) in Kent, Washington. Dkt. # 14-1 at 2–20. To secure the Loan, Mr. Umouyo executed a promissory note (Note) and both Plaintiffs executed a Deed of Trust (DOT). *Id.*

The DOT was transferred twice. *Id.* at 27–30. In May 2010, the original lender assigned the DOT to BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP (BAC). *Id.* at 27. In October 2011, when BAC merged with BANA, BAC assigned the DOT to BANA. *Id.* at 29–30. Each assignment was notarized and executed by Mortgage Electronic Registration Systems, Inc. (MERS), a beneficiary acting as nominee[1] for the lenders. *Id.* at 2, 27–30. As for the Note, while the parties do not submit documents evidencing any transfer, a notarized declaration from a Carrington representative states that BANA holds the Note as of April 2022. *Id.* at 73.

In July 2014, BANA filed a foreclosure complaint (First Foreclosure Complaint) against Plaintiffs in King County Superior Court (KCSC). Dkt. # 18 at 5–15. In January 2017, the court dismissed the First Foreclosure Complaint without prejudice. *Id.* at 29–34.

In September 2016, Plaintiffs filed a complaint to quiet title against BANA and Carrington in KCSC. *Id.* at 38–44. In April 2018, BANA removed the case to this court and filed a cross-complaint for foreclosure (Second Foreclosure Complaint). *Id.* at 86–103. In March 2019, per BANA's request, the Honorable Richard A. Jones dismissed the Second

---

[1] "Nominee" is not defined in the DOT. Black's Law defines "nominee" as a "person designated to act in place of another, [usually] in a very limited way," or a "party who holds bare legal title for the benefit of others or who receives and distributes funds for the benefit of others." *Nominee*, BLACK'S LAW DICTIONARY (11th ed. 2019). *See MERS, Inc. v. Saunders*, 2 A.3d 289, 296 (Me. 2010) (relying on Black's Law definition of "nominee" to evaluate MERS's role as nominee).

ORDER RE: MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE - 2

Foreclosure Complaint without prejudice. *Id.* at 123. On April 11, 2019, Judge Jones entered findings of fact and conclusions of law following a bench trial. *Id.* at 122–38. Judge Jones found that Plaintiffs did not meet their burden to prevail on their quiet title claim; judgment was entered for BANA.[2] *Id.*

In January 2020, BANA filed another foreclosure complaint against Plaintiffs in KCSC (Third Foreclosure Complaint). *Id.* at 143–49. Plaintiffs filed a counterclaim against BANA for quiet title, violations of Washington's Consumer Protection Act (CPA), and declaratory relief. *Id.* at 181–230. In December 2021, the court dismissed BANA's foreclosure complaint and Plaintiffs' counterclaim without prejudice. *Id.* at 284–87. In April 2022, Aztec Foreclosure Corporation of Washington, acting as trustee to the Property, notified Plaintiffs that the Loan was in default. Dkt. # 14-1 at 68–73.

Turning to this action, on April 22, 2022, Plaintiffs filed a complaint against BANA, Carrington, and Aztec in KCSC. Dkt. # 1 at 7. In May 2022, BANA and Carrington removed the case. *Id.* at 1. In June 2022, Plaintiffs amended their complaint. Dkt. # 14 at 1–26. Plaintiffs bring claims against BANA for declaratory relief and violations of the CPA. *Id.* at 4–26. Plaintiffs also bring a negligence claim against BANA and Carrington for violating Department of Housing and Urban Development (HUD) regulations. *Id.* at 22–26. As to Aztec, Plaintiffs bring a claim for declaratory relief to void Aztec's status as trustee to the Property. *Id.* at 12–14. BANA and Carrington move to dismiss Plaintiffs' amended complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. # 17 at 1. They also request judicial notice of certain documents. Dkt. # 18.

---

[2] On September 7, 2018, Plaintiffs' first amended complaint named BANA as the sole defendant. *See* First Amended Complaint at 1, *Umouyo v. Bank of Am., N.A.*, Case No. 2:16-CV-01576 (W.D. Wash. Sept. 7, 2018) (Dkt. # 57).

ORDER RE: MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE - 3

# III

## DISCUSSION

A.   Judicial Notice

"Judicial notice under [Federal Rule of Evidence] 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)). A fact is "not subject to reasonable dispute" if it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice applies to: (1) matters of public record, (2) legislative history, and (3) publicly accessible websites whose accuracy and authenticity are not disputed. *In re Google Location History Litigation*, 428 F. Supp. 3d 185, 189 (N.D. Cal. 2019). Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)). And a court "may take judicial notice of another court's opinion 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" *Gray v. Amazon*, 2022 WL 16758474, at *1 (W.D. Wash. Nov. 8, 2022) (quoting *Lee v. City of L.A.*, 250 F.3d 668, 690 (9th Cir. 2001)).

BANA and Carrington request judicial notice of certain orders and filings from four prior cases brought by either Plaintiffs or BANA and Carrington in KCSC and this district.[3] Dkt. # 18

---

[3] BANA and Carrington request that this Court take judicial notice of these documents in support of their motion to dismiss: (1) foreclosure complaint, motion to dismiss, and order of dismissal from KCSC, case number 14-2-18637-1 KNT; (2) summons and complaint to quiet title from KCSC, case

ORDER RE: MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE - 4

at 1–2.  The Court takes judicial notice of the existence of each order and filing because their existence is a verifiable matter of public record and the prior cases—involving certain identical claims to those Plaintiffs bring in this action—have "a direct relation to matters at issue." *Borneo, Inc.*, 971 F.2d at 248 (internal quotation omitted).

B.      Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint if it "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plaintiffs must plead enough facts for courts to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  District courts do not accept as true any legal conclusions in the complaint; thus, conclusory statements of law or "formulaic recitation of the elements of a cause of action" are insufficient. *Id.*

1.      Claims 1–4: Declaratory relief

Plaintiffs ask for a declaratory judgment to terminate the Note and DOT and bar any claims to the Property by Defendants. Dkt. # 14 at 4–16. BANA and Carrington respond that Plaintiffs' requested declaratory relief does not state a cause of action. Dkt. # 17 at 5–6. This, they say, is because Plaintiffs do not provide any underlying claim and instead improperly seek to redress past conduct from BANA's foreclosure actions. *Id.* at 6.

---

number 16-2-21705-2 KNT; (3) answer, cross-complaint, findings of fact & conclusions of law, and judgment from this district, case number 2:16-cv-01576-RAJ; and (4) summons and complaint, order on motion to amend answer, amended answer, and order granting clarification of order of dismissal from KCSC, case number 20-2-02212-8 KNT.

Declaratory relief is a remedy meant to "bring[] to the present a litigable controversy, which otherwise might only be tried in the future." *Societe de Conditionnement en Aluminium v. Hunter Eng. Co., Inc.*, 655 F.2d 938, 943 (9th Cir. 1991). Plaintiffs must allege facts that "under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality" to warrant the issuance of a declaratory judgment. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)) (internal quotation omitted). Because a declaratory judgment is only a remedy, not a cause of action, Plaintiffs must state an underlying "substantive cause of action." *Bisson v. Bank of Am., N.A.*, 919 F. Supp. 2d 1130, 1139 (W.D. Wash. 2013). If Plaintiffs want the Court to void the Note, DOT, or any other legal claim Defendants have in the Property, they must demonstrate a substantive legal basis for the Court to do so. *Id.* ("[W]ithout such a cause of action, there is no claim for declaratory relief").

Plaintiffs do not provide a substantive cause of action or substantial controversy to warrant declaratory relief for Claims 1 through 4. Plaintiffs make several claims about the invalidity of past and potential future foreclosure actions by Defendants, none of which have a substantive underlying legal basis or relate to an immediate controversy.

        a.     Claim 1: Two-dismissal rule

Plaintiffs say that past dismissals of foreclosure actions brought by BANA operate as an adjudication on the merits and bar any subsequent foreclosure actions by BANA. Dkt. # 14 at 4–7. Known as the "two-dismissal rule," Federal Rule of Civil Procedure 41(a)(1) states that the second notice of dismissal of the same claim operates as an adjudication on the merits. Fed. R. Civ. P. 41(a)(1)(B). Plaintiffs say that BANA had the same claim dismissed in the First

ORDER RE: MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE - 6

1  Foreclosure Complaint and Second Foreclosure Complaint, which together operate as an
2  adjudication on the merits barring future foreclosure actions. Dkt. # 14 at 4–7.
3    Plaintiffs' claim fails because the two-dismissal rule does not apply to court-ordered
4  dismissals. Fed. R. Civ. P. 41(a)(1)(B) (specifying that the rule applies to "a notice of
5  dismissal"). *See, e.g.*, *Platinum Logistics, Inc. v. Platinum Cargo Logistics, Inc.*, 711 F. App'x
6  376, 377 (9th Cir. 2018) (holding that the two-dismissal rule does not apply to a court-ordered
7  dismissal); *Williams v. Seattle Pub. Schs.*, 2010 WL 3522494, at *3 (W.D. Wash. Sept. 8, 2010)
8  (holding that a "voluntary dismissal by court order does not trigger the two-dismissal rule"). All
9  foreclosure actions brought by BANA were court-ordered by this district and KCSC, meaning
10  they are not subject to the two-dismissal rule. Dkt. # 18 at 32–34, 123, 284–85.

11              b.    Claim 2: BANA as Note holder
12    Plaintiffs assert that BANA was not an original holder of the Note and that BANA on
13  three occasions provided falsified copies of the Note to KCSC and this district, thereby
14  precluding them from enforcing any other copy of the Note under the doctrine of judicial
15  estoppel. Dkt. # 14 at 7–12. BANA and Carrington respond that Plaintiffs impermissibly seek
16  declaratory relief to redress past wrongs. Dkt. # 17 at 7.
17    Judicial estoppel is an equitable doctrine meant to prohibit "parties from deliberately
18  changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532
19  U.S. 742, 750 (2001). Courts apply judicial estoppel at their discretion and typically consider:
20  (1) whether a party's later position is "clearly inconsistent" with its earlier one; (2) whether the
21  court adopted the party's earlier position, such that judicial acceptance of a later inconsistent
22  position "would create the perception that the court was misled"; and (3) "whether the party
23  seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair
24

ORDER RE: MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE - 7

detriment on the opposing party if not estopped." *Ah Quin v. Kauai Dept. of Transp.*, 733 F.3d 267, 270 (9th Cir. 2013) (quoting *New Hampshire*, 532 U.S. at 750–51).

Judicial estoppel does not apply here. Plaintiffs have identified no instance in which BANA changed its position about the Note—Plaintiffs merely allege that BANA obtained and filed a falsified copy of the Note. Plaintiffs' allegation that BANA somehow falsified its Note, even taken as true, does not suggest that BANA has adopted inconsistent positions to derive an unfair advantage in litigation. *See, e.g.*, *Naxos, LLC v. Am. Fam. Ins. Co.*, 611 B.R. 358, 365 (W.D. Wash. 2019) (holding that an insurance appraisal discrepancy was a "threshold inconsistency" insufficient to apply judicial estoppel). Plaintiffs appear to suggest the Note was fabricated based on minor differences between photocopies of the Note filed as three exhibits to the amended complaint. *See* Dkt. # 14-1 at 14–20, 144–47. But none of these differences indicate a change in position that would mislead the Court or disadvantage Plaintiffs. *Ah Quin*, 733 F.3d at 270. For example, Exhibits 2 and 19 include identification numbers at the top of each first page, while Exhibit 3 does not include some of these identification numbers and the "FHA Case No" identification box appears to have been redacted. Dkt. # 14-1 at 15–16, 18–19, 146–147. Similarly, the text style and orientation of the exhibits appears to slightly differ. *Id.* The text in Exhibit 2 appears at an angle, and in Exhibit 3, there is a faint line that spans the first and second page. *Id.* at 15–16, 18–19. In Exhibit 3, the indorsement signature appears to be partially omitted. *Id.* at 18–19. After careful review of the copies of the Note and finding no material inconsistencies in them, the Court declines to apply the doctrine of judicial estoppel.

      c.      Claim 4: BANA as assignee to DOT

Plaintiffs claim that BANA lacks the right to enforce the DOT for two reasons. Plaintiffs say the DOT assignment agreements that transferred rights to BANA were improperly executed

ORDER RE: MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE - 8

by MERS, a "non-holder with no lawful principal." Dkt. # 14 at 14–15. Plaintiffs also assert that BANA was not a named party in the DOT. *Id.* Each argument fails.

First, the documented assignments of the DOT executed by MERS were valid. The DOT is governed by Washington law.[4] Dkt. # 14-1 at 7. Applying Washington law, this district has repeatedly rejected the argument that MERS is not a proper beneficiary under a deed of trust that expressly acknowledges MERS's status as a beneficiary. *Corales v. Flagstar Bank, FSB*, 822 F. Supp. 2d 1102, 1108 (W.D. Wash. 2011) (holding that MERS could assign its beneficial interest); *see also Rhodes v. HSBC Bank USA N.A.*, 2011 WL 3159100, at *4 (W.D. Wash. Oct. 14, 2011). The DOT signed by Plaintiffs lists MERS as beneficiary, acting as nominee for the lender and their successors and assigns. Dkt. # 14-1 at 2. Thus, MERS acted in an authorized capacity to assign the note to BAC, and then from BAC to BANA when the entities merged.

Second, even if MERS had not documented the assignment of the DOT, BANA still has enforcement rights over the Loan as the holder of the Note. In Washington, the beneficiary to a deed of trust is "the holder of the instrument or document evidencing the obligations secured by the deed of trust"—in this case, the Note. Revised Code of Washington (RCW) 61.24.005(2). No Washington law requires parties to record transfers of promissory notes by endorsement to enforce rights under transferred notes. *See McPherson v. Homeward Residential*, 2014 WL 442378, at *5 (W.D. Wash. Feb. 4, 2014). The "assignment of a deed of trust and note is valid between the parties whether or not the assignment is ever recorded." *Id.* (quoting *In re United*

---

[4] "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural rules." *Cuprite Mine Partners LLC v. Anderson*, 809 F.3d 548, 554 (9th Cir. 2015). For this diversity suit, the Court applies Washington law as it believes the Washington State Supreme Court would have applied it. *See Gravquick A/S v. Trimble Navigation Int'l Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003).

ORDER RE: MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE - 9

*Home Loans*, 71 B.R. 885, 891 (W.D. Wash. 1987)).  Thus, the Court concludes that Plaintiffs have failed to state a claim for declaratory relief against BANA as an enforcer of the DOT.

          d.       Claim 3: Aztec as Trustee

Because of the Court's resolution of the above claims for declaratory relief against BANA, Plaintiffs' claim against Aztec also necessarily fails.  Plaintiffs seek a declaration that because BANA is not a rightful holder of the DOT, Aztec is a "putative trustee with no power or authority" to enforce the Loan.  Dkt. # 14 at 14.  As explained, the assignment of the DOT to BANA was valid; Plaintiffs lack a basis to challenge Aztec's authority as trustee.  Moreover, even if Plaintiffs had a viable claim against BANA, they have failed to state a cause of action against Aztec.  And further, the Court already held in its order denying remand that a declaration that Aztec's appointment as successor trustee is void is not a cause of action against Aztec itself.  *Umouyo v. Bank of Am., N.A.*, 2022 WL 2751792, at *2 (W.D. Wash. July 14, 2022).

In sum, Plaintiffs have failed to state a claim for declaratory relief under Claims 1 through 4 because their claims concern the invalidity of past and potential future foreclosure actions, none of which state a cause of action or relate to an immediate controversy.

     2.       Claim 5: Quiet title

Plaintiffs assert that BANA does not have a claim to the Property because any future foreclosure action is: (1) time-barred by the six-year statute of limitations to bring a foreclosure action following default, and (2) prohibited by the two-dismissal rule.  Dkt. # 14 at 17.  Thus, Plaintiffs seek an order to quiet title under RCW 7.28.300, which allows a property owner to bring a quiet title action against a lender when the statute of limitations to bring a foreclosure action has expired.  *Id.*

Plaintiffs have not stated a viable claim to bring a quiet title action.  As noted above, the two-dismissal rule does not prevent a future BANA foreclosure complaint because all prior

ORDER RE: MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE - 10

dismissals were court-ordered.  Second, Plaintiffs' claim that a foreclosure action is time-barred is precluded by the doctrine of res judicata, which prevents re-litigation of claims raised in a prior action, as well as those which could have been raised there.  *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997).  Res judicata bars an action when an earlier suit: (1) involved the same claim or cause of action as the later suit, (2) involved the same parties, and (3) reached a final judgment on the merits.  *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

Plaintiffs bring the same quiet title claim under RCW 7.28.300 as they did in September 2016, in both instances against BANA.  *See* Dkt. # 14 at 16–20; Dkt. # 18 at 38–44.  Judge Jones rendered a final judgment on the merits and determined that Plaintiffs failed to satisfy their burden of proof for quiet title.  *Id.* at 136.  Accordingly, res judicata bars Plaintiffs from bringing this quiet title claim, and they otherwise do not state a viable claim under the two-dismissal rule.

   3.  Claim 6: CPA claim

Plaintiffs contend that BANA violated the CPA by using a falsified copy of the Note to publicly initiate foreclosure which deceived the public and harmed Plaintiffs.  Dkt. # 14 at 20. BANA and Carrington state that the claim fails as a matter of law under the *Noerr–Pennington* doctrine.[5]  Dkt. # 17 at 15.  BANA and Carrington also say that Plaintiffs do not allege sufficient facts to state a claim under the CPA.  *Id.* at 17–19.  The Court agrees.

---

[5] "The *Noerr–Pennington* doctrine derives from the First Amendment's guarantee of 'the right of the people . . . to petition the Government for a redress of grievances.'  Under the *Noerr–Pennington* doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct."  *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006) (quoting U.S. Const. amend. I.).  BANA and Carrington say that their foreclosure actions are protected by the *Noerr–Pennington* doctrine.  Dkt. # 17 at 15.  Other judges in this district have applied *Noerr–Pennington* immunity to a CPA claim.  *See, e.g.*, *Mercer Publ'g, Inc. v. Smart Cookie Ink, LLC*, 2012 WL 5499871, at *1 (W.D. Wash Nov. 13, 2012) (describing previous dismissal of a CPA claim

ORDER RE: MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE - 11

There are five distinct elements to a CPA claim: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in [their] business or property; (5) causation." *Klem v. Wash. Mut. Bank*, 176 Wash. 2d 771, 782, 295 P.3d 1179 (2013) (quoting *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 780, 719 P.2d 531 (1986)).  Because Plaintiffs do not plead sufficient facts to satisfy the first three elements, Plaintiffs fail to state a viable CPA claim in three separate ways.

a.  Unfair or deceptive act or practice

A violation of the CPA must have "the capacity to deceive a substantial portion of the public." *Id.* at 785.  *See Holiday Resort Cmty. Ass'n v. Echo Lake Assocs., LLC*, 134 Wash. App. 210, 226, 135 P.3d 499 (2006) ("Implicit in the definition of 'deceptive' under the CPA is the understanding that the practice misleads or misrepresents something of material importance.") (quoting RCW 19.86.020).  Plaintiffs allege that BANA "falsified or obtained [a] falsified Note and associated it" with the Property, but they do not plead facts to suggest that BANA committed an unfair or deceptive act or practice under the CPA.  Dkt. # 14 at 20.  Plaintiffs do not state how the Note came to be falsified, whether it contained material misrepresentations, or how the alleged conduct may deceive the public.  Even accepting as true Plaintiffs' conclusory statement that the Note was falsified, the Court cannot reasonably infer that BANA's actions were of the nature and extent to materially deceive a substantial portion of the public.

---

because it "burdened litigation-like activity protected by *Noerr–Pennington*"); *Modular Arts, Inc. v. Interlam Corp.*, 2007 WL 2069862, at *3 (W.D. Wash. July 13, 2007) (applying *Noerr-Pennington* immunity to a CPA claim).  The Court recognizes that *Noerr–Pennington* doctrine may be a viable defense for BANA and Carrington against statutory liability under the CPA.  But because Plaintiffs have failed to state a viable CPA claim, the Court declines to assess whether the *Noerr–Pennington* doctrine protects against CPA liability in the context of BANA's judicial foreclosure actions.

ORDER RE: MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE - 12

    b.  Occurring in trade or commerce

An alleged violation must occur in trade or commerce. RCW 19.86.020. Trade and commerce are broadly defined to include "the sale of assets or services, and any commerce directly or indirectly affecting the people of the state of Washington." RCW 19.86.010(2). But once a lawsuit begins, any matter becomes a private dispute because it is "under the aegis of and subject to the control of the courts." *McGee-Grant v. Am. Fam. Mut. Ins.*, 2016 WL 9526408, at *2 (W.D. Wash. Feb. 25, 2016). Plaintiffs allege that BANA violated the CPA by wrongfully initiating judicial foreclosure actions, but Plaintiffs do not explain how BANA's conduct occurred in trade or commerce. *See id.* (concluding that a lawsuit is a private dispute and is not within the scope of trade or commerce).

    c.  Public interest impact

A CPA claim must have a public interest impact. *TRS Group, Inc. v. Civ.—Env't—Surv. Grp., Inc.*, 2016 WL 4363197, at *2 (W.D. Wash. Aug. 16, 2016). And when the transaction is a private dispute, rather than a consumer transaction, "it is more difficult to show public interest in the subject matter. There must be a likelihood [that] additional persons have been or will be injured in the same fashion." *Id.* (quoting *Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*, 86 Wash. App. 732, 744–45, 935 P.2d 628 (1997)). Plaintiffs plainly state that the foreclosure actions deceived the public. Dkt. # 14 at 21 ("The Public was deceived. Realtors in the state of Washington were deceived and misled."). Plaintiffs' conclusory statements are insufficient as they fail to plead facts demonstrating any reasonable impact to members of the public.

  4.  Claim 7: Negligence

Plaintiffs' negligence claim against BANA and Carrington is based on alleged violations of HUD policies that govern foreclosures. Dkt. # 14 at 22–26. Plaintiffs allege that the DOT established a contractual duty obligating BANA and Carrington to comply with HUD policy. *Id.*

ORDER RE: MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE - 13

at 24; Dkt. # 14-1 at 6 ("This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the [HUD Secretary]."). Plaintiffs allege that BANA and Carrington breached their duty under HUD regulations requiring a face-to-face meeting and evaluation of loss mitigation techniques. Dkt. # 14 at 24. *See* 24 C.F.R. §§ 203.606(a), 203.604(b), 203.605(a). Plaintiffs also add that BANA was grossly negligent because BANA "had a last clear chance to comply before initiating the [January 2020] foreclosure action but chose not to." Dkt. # 14 at 25. BANA and Carrington respond that HUD regulations do not afford Plaintiffs a "private right of action" for a negligence claim. Dkt. # 17 at 20.

To prove negligence, a plaintiff must establish the existence of a duty, a breach thereof, a resulting injury, and proximate cause. *Ranger Ins. Co. v. Pierce Cnty.*, 164 Wash. 2d 545, 552, 192 P.3d 886 (2008). But Plaintiffs identify no legally cognizable duty owed to them by BANA or Carrington that would support a claim of negligence. Nor is the Court aware of any authority that would support Plaintiffs' theory based on the HUD regulations. "If there is no duty, [Plaintiffs] have no claim." *Burg v. Shannon & Wilson, Inc.*, 110 Wash. App. 798, 804, 43 P.3d 526 (2002); *see, e.g.*, *Johnson v. JP Morgan Chase Bank N.A.*, 2015 WL 4743918, at *8 (W.D. Wash. Aug. 18, 2015) (dismissing negligence claim because lender owed no duty to borrower); *Syed v. Bank of Am., N.A.*, 2016 WL 9175632, at *7 (W.D. Wash. Nov. 22, 2016) (same). Notably, in Plaintiffs' action for quiet title against BANA in 2019, Judge Jones held that HUD regulations, even incorporated into the DOT, do not provide an independent cause of action for violations thereof. *Umouyo v. Bank of Am., N.A.*, 2019 WL 1568423, at *6 (W.D. Wash. Apr. 11, 2019) ("Numerous courts, including this Court, have held that no private cause of action for violations of HUD regulations even when those regulations are incorporated into a deed of trust."). *See also Dietz v. Quality Loan Serv. Corp. of Wash.*, 2014 WL 1245269, at *3 (W.D. Wash. Mar. 25, 2014) (citing case holdings that "HUD regulations do not create an implied cause

of action for damages, but may be used only defensively as an affirmative defense to a judicial foreclosure action instituted by the creditor").

       5.      Leave to amend

When a court dismisses a pro se plaintiff's complaint, a court must grant a pro se plaintiff leave to amend the complaint "[u]nless it is absolutely clear that no amendment can cure the defect." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015) ("[A] district court must give plaintiffs at least one chance to amend a deficient complaint, absent a clear showing that amendment would be futile.").

Amendment of Plaintiffs' complaint would be futile.  Plaintiffs have already amended their complaint once, *see* Dkt. # 14, and they failed to plead additional facts to state viable claims.  Claims 1 through 4 for declaratory relief are insufficient as a matter of law because: (1) the two-dismissal rule does not apply to court-ordered dismissals, (2) judicial estoppel does not apply to the Note's alleged inconsistencies, (3) BANA is a valid assignee of the DOT, and (4) Plaintiffs do not state a claim against Aztec.  Claim 5 is barred by the doctrine of res judicata.  Claim 6 does not state a claim within the scope of the CPA.  And Claim 7 fails to establish that Carrington and BANA owed a duty to Plaintiffs for their negligence claim.  The Court sees no additional facts that Plaintiffs could plead to cure the deficiencies in each claim.  Thus, the Court dismisses Plaintiffs' amended complaint without leave to amend.

## IV
### Conclusion

Based on the above, the Court GRANTS the request for judicial notice and GRANTS the motion to dismiss with prejudice.  Dkts. ## 17, 18.

Dated this 1st day of February, 2023.

ORDER RE: MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE - 15

John H. Chun
United States District Judge

ORDER RE: MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE - 16